An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-65

Filed 5 August 2026

Mecklenburg County, Nos. 21CR018067-590, 21CR018069-590, 21CR018070-590, 21CR100062-590

STATE OF NORTH CAROLINA

v.

JULIUS BUSTER BISHOP, JR.

Appeal by defendant from judgments entered 4 April 2025 by Judge Sally Kirby-Turner in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Sherri Horner Lawrence, for the State.*
>
> *Jackie Willingham for defendant-appellant.*

ZACHARY, Judge.

Defendant Julius Buster Bishop, Jr., appeals from the trial court's judgments entered upon a jury's verdicts finding him guilty of assault by strangulation, assault on a female, communicating threats, and violating a civil domestic violence protective order. Counsel for Defendant filed an *Anders* brief on appeal. After careful review, we

conclude that Defendant received a fair trial, free from error, but remand for the limited purpose of correcting clerical errors in the amended judgments entered in file numbers 21CR018069-590, 21CR018070-590, and 21CR100062-590.

## Background

On 13 December 2021, a Mecklenburg County grand jury returned indictments charging Defendant with assault by strangulation, stalking, assault on a female, communicating threats, and violating a civil domestic violence protective order.

Defendant's case came on for jury trial in Mecklenburg County Superior Court on 31 March 2025. On 4 April 2025, the jury returned verdicts finding Defendant not guilty of stalking, but guilty of the remaining charges. That same day, the trial court entered judgment sentencing Defendant to 8 to 19 months' imprisonment in the custody of the North Carolina Department of Adult Correction for his conviction for assault by strangulation. The court entered amended judgments sentencing Defendant to a concurrent term of 150 days for assault on a female, a consecutive term of 120 days for communicating threats, and a consecutive term of 150 days for violating a civil domestic violence protective order, all to be served in the custody of the Mecklenburg Misdemeanor Confinement Program.

Defendant gave oral notice of appeal.

## *Anders* Review

On appeal, Defendant's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967).

After conducting a "careful review of the record and applicable law," counsel has been "unable to identify any discernable issue with sufficient merit to support a meaningful argument for relief on appeal." Therefore, "counsel respectfully requests this Court to conduct a full examination of the record for any prejudicial error and determine if any issue has been overlooked."

Counsel has shown to the satisfaction of this Court that she has complied with the requirements of *Anders* and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file his own written arguments with this Court and providing him "with [counsel's] brief, the trial transcript, record on appeal, and mailing address of this Court." Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time in which he could have done so has passed. In her *Anders* brief, Defendant's counsel raised three potential issues for our consideration, none of which have merit based on our careful review of the record. Defendant is not entitled to relief on these bases.

"[P]ursuant to *Anders* and *Kinch*, we must determine from a full examination of all the proceedings whether the appeal is wholly frivolous." *State v. Frink*, 177 N.C. App. 144, 145, 627 S.E.2d 472, 473 (2006) (extraneity removed). As required by *Anders* and *Kinch*, we have conducted a full examination of the record for any issue with arguable merit. We have been unable to find any error in the proceedings, and we conclude that this appeal presents no issue that might entitle Defendant to relief.

**Clerical Errors**

Lastly, we note clerical errors in the trial court's three amended judgments. Each of the court's amended judgments entered for Defendant's misdemeanor convictions states: "The [c]ourt has determined, pursuant to [N.C. Gen. Stat. §] 15A-1430.20, the . . . number of prior convictions to be 3" and provides that Defendant is a Level II misdemeanor offender. However, the prior record level worksheet and sentencing transcript correctly reflect that Defendant was assigned five prior record level points for five prior convictions and was determined to be a Level III misdemeanor offender. Accordingly, the three amended judgments entered in file numbers 21CR018069-590, 21CR018070-590, and 21CR100062-590 for Defendant's misdemeanor convictions reflect clerical errors. Importantly, the trial court's errors did not affect Defendant's sentences as the prior record level worksheet correctly reflects that Defendant was a Level III misdemeanor offender, and each of the sentences imposed was within the presumptive range for Level III misdemeanor offenders.

In light of the clerical errors in the amended judgments, we remand to the trial court for the limited purpose of correcting the clerical errors as indicated herein. *See State v. Everette*, 237 N.C. App. 35, 44, 764 S.E.2d 634, 640 (2014) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." (citation omitted)).

**Conclusion**

- 4 -

For the foregoing reasons, we conclude that Defendant received a fair trial, free from error, but remand for correction of the clerical errors found in the amended judgments entered in file numbers 21CR018069-590, 21CR018070-590, and 21CR100062-590.

NO ERROR IN PART; REMANDED FOR CORRECTION OF CLERICAL ERRORS.

Judges GRIFFIN and STADING concur.

Report per Rule 30(e).